# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1046V
UNPUBLISHED

| | |
|---|---|
| JODIE BARRETTE,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 29, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Mollie Danielle Gorney*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On August 20, 2020, Jodie Barrette filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of influenza ("flu") and Pneumococcal 23 ("PCV 23") vaccines that were administered to her on November 8, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 27, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1.[3] Specifically, Respondent agrees that "[P]etitioner suffered a Table injury of left SIRVA" and that "[P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 7. Respondent further states that "[c]ompensation will be limited to sequelae of the flu vaccine only." Respondent's Rule 4(c) Report at n. 8.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Respondent notes that "[a]lthough [P]etitioner claims that she suffered a SIRVA injury as a result of the PCV 23 vaccine, the National Vaccine Injury Compensation Program ("VICP") does not cover that particular vaccine. *See* 42 C.F.R. § 100.3(a)(I)-(XVII). Therefore, [the] Rule 4(c) Report will address only the flu vaccine." Rule 4(c) Report at 1, n. 1.